

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TTMI SÀRL

                        Plaintiff,

     - against -

BULK TRADING SA

                        Defendant.
------------------------------------------------------------X

Case No.

**VERIFIED COMPLAINT**

    Plaintiff TTMI SÀRL ("Plaintiff"), by and through its attorneys, Clyde & Co US LLP, as and for its Verified Complaint against Defendant BULK TRADING SA ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 et. seq. and/or the Federal Arbitration Act, 9 U.S.C. §1 et. seq.

    2.    At all times material hereto, Plaintiff was and still is a foreign business entity duly organized and existing under the laws of Switzerland.

    3.    Upon information and belief, at all times material hereto, Defendant was and still is a foreign business entity duly organized and existing under the laws of Switzerland.

    4.    On or about August 4, 2008, Plaintiff and Defendant entered into a voyage charter party (the "Charter") whereby Defendant chartered a Vessel to be nominated from Plaintiff for

the carriage of a certain quantity of metric tons of coal in bulk plus or minus 10 percent at Owner's option (the "Cargo") from one safe anchorage Puerto Drummond, Colombia to one safe berth Amsterdam, Netherlands or one safe berth Rotterdam, Netherlands or one safe berth Antwerp, Belgium. The Charter provides, in Rider Clause 31, that its terms are to be kept strictly private and confidential between the parties.

5. In accordance with the terms of the Charter, on October 27, 2008, Plaintiff nominated the M.V. "SEAROSE G" as the performing Vessel under the Charter, at the same time nominating the laycan at Port Drummond as November 20-29, 2008 and giving an estimated time of arrival at Port Drummond as November 20, 2008.

6. On October 28, 2008, Defendant, without lawful excuse, cancelled the Charter.

7. Under the terms of the Charter, Defendant was under an absolute obligation to load the Cargo at the load port.

8. Under the terms of the Charter, Defendant was also under an absolute obligation to pay freight to Plaintiff at the agreed rate as set forth in the Charter per metric ton of Cargo loaded.

9. Defendant's cancellation of the Charter was unlawful and constitutes a breach of the Charter.

10. Plaintiff has complied with all terms and obligations of the Charter.

11. As a result of defendant's breach of the Charter, Plaintiff has sustained damages in the amount of $2,742,162.50 as best as can presently be calculated, on the basis that the market freight rate for the Vessel has fallen significantly since the date on which the Charter was entered into, as set as follows:

i) Freight payable under the Charter (minus applicable address commission, plus brokerage) ) = $3,483,287.50

ii) Value to Plaintiff of a re-let of the Vessel on today's market (minus applicable address commission) = $741,125.00

Total damages: $2,742,162.50

12. Despite due demand by Plaintiff, Defendant has failed and refused to pay the above amount due to Plaintiff.

13. The Charter provides that, if any dispute arises between the parties, the matter shall be referred to arbitration in London with English law to apply. Plaintiff is in the process of commencing that arbitration.

14. Interests, costs and attorneys' fees routinely are awarded to the prevailing party in London Arbitration pursuant to English law. Plaintiff estimates, as best as can be presently calculated, these additional damages and costs to be $850,050.01, comprised of interest in the sum of $377,428.48 (computed on the principal amount of the principal sum owed of $2,742,162.50 at a rate of 6.5% compounded quarterly for a period of 24 months), and $472,621.53 estimated English solicitor and counsel fees and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

15. Plaintiff's total claim against Defendants for which it seeks security herein is $3,592,212.51 ($2,742,162.50 + $850,050.01).

16. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the

hands of garnishees within the District which are believed to be due and owing to Defendant. *See* Affidavit of Nicholas Magali dated October 31, 2008.

17. The Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over Defendant and to secure the Plaintiffs' claims as described above.

WHEREFORE, Plaintiff prays as follows:

A. That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it in the sum of $3,592,212.51;

B That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of $3,592,212.51 belonging to, due or being transferred to, from, or for the benefit of Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.  That in the alternative, this Court enter Judgment against Defendant on the claims set forth herein;

F.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

G.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: November 3, 2008
       New York, New York

CLYDE & CO US LLP

By: _____
Christopher Carlsen (CC 9628)
Nicholas Magali (NM5775)
405 Lexington Avenue
New York, New York 10174
Tel: (212) 710-3900
Fax: (212) 710-3950

Christopher.carlsen@clydeco.us
Nicholas.magali@clydeco.us

Attorneys for Plaintiff

## VERIFICATION

STATE OF NEW YORK )
                               ) ss.:
COUNTY OF NEW YORK )

1. My name is Christopher Carlsen.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney with the firm of Clyde & Co US LLP, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my beliefs are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     November 3, 2008
              New York, New York

                                                      Christopher Carlsen

Sworn to before me this 3rd day
of November, 2008

_____
Notary

BARRY S. ALEXANDER
Notary Public, State of New York
No. 02AL6128147
Qualified in New York County
Commission Expires June 06, 2009